NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD OLAWALE-AYINDE, AKA
Richard Ayinde Fadahunsi, AKA Richard
Elegbe, AKA Olawale Fadahunsi, AKA
Richard Fadahunsi, AKA Richard A.
Fadahunsi Olawale, AKA Kevin Miller,
AKA Sean Mobley, AKA Ayinda Richard
Olawale, AKA Ayinde Richard Olawale,
AKA Fadahunsi Richard Olawale, AKA Jani
Ray Olawale, AKA Richard Olawale, AKA
Richard Ayinde F. Olawale, AKA Richard
F. Olawale, AKA Richard Fadahunsi
Olawale, AKA Richard NMN Olawale,
AKA Charles Parker, AKA Ken Saag, AKA
Wantannapom Surachai, AKA Brian
Weiner, AKA Richard Williams,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 19-55818

D.C. No. 2:17-cv-01849-WDK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Submitted August 5, 2020**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Richard Olawale-Ayinde appeals from the district court's order denying his motion for the return of property forfeited under 18 U.S.C. § 981. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In 2008, the district court determined the sought-after property was properly subject to civil forfeiture under § 981. This court affirmed. *See United States v. Olawale*, 370 F. App'x 797 (9th Cir. 2010). Reviewing de novo, *see United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014), we agree with the district court that the instant motion is controlled by the law of the case doctrine. *See id.* (if an issue was previously decided, whether explicitly or by necessary implication, law of the case doctrine prohibits the court from reconsidering it). Moreover, Olawale-Ayinde failed to show in the district court, and has not shown on appeal, that any exception to the doctrine applies. *See United States v. Jingles*, 702 F.3d 494, 502-03 & n.3 (9th Cir. 2012) (listing exceptions). The district court therefore did not abuse its discretion by declining to reconsider Olawale-Ayinde's motion. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452-53 (9th Cir. 2000) (the district court abuses its discretion by applying the law of the case doctrine only if one of the exceptions applies).

**AFFIRMED.**

---

**         The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

19-55818